IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DANIEL LEE GARRETT | § | |
| VS. | § | CIVIL ACTION NO. 1:24-cv-229 |
| HARRIS COUNTY SHERIFF'S OFFICE | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

  Plaintiff Daniel Lee Garrett, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Harris County Sheriff's Office.

<u>Discussion</u>

  The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, pursuant to which this case is brought, does not contain a specific provision governing venue. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. When, as in this case, subject-matter jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue over the lawsuit is proper only in the judicial district where the defendants reside or in which the claims arose. Tile 28 U.S.C. § 1406(a) provides that a case filed in the wrong district may be transferred to any district where it could have been brought.

  Plaintiff's claims concern events that occurred at the Harris County Jail, which is in Harris County, Texas. Pursuant to 28 U.S.C. § 124, Harris County is located in the Houston Division of the Southern District of Texas. Plaintiff's claims therefore arose in Harris County. Further, Plaintiff has not named any Defendants who reside in the Eastern District of Texas.

  As Plaintiff's claims did not arise in the Eastern District of Texast, venue is not proper in this court. This case will therefore be transferred to the Houston Division of the Southern District of Texas.

**ORDER**

For the reasons set forth above, it is **ORDERED** that this civil rights action is **TRANSFERRED** to the Houston Division of the United States District Court for the Southern District of Texas.

**SIGNED this the 17th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE