United States District Court
Southern District of Texas
**ENTERED**
February 11, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **DANIEL LEE GARRETT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-cv-2591** |
| | § | |
| **HARRIS COUNTY SHERIFF'S** | § | |
| **OFFICE, HARRIS COUNTY** | § | |
| **JAIL, AND HARRIS COUNTY,** | § | |
| **TEXAS,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>MEMORANDUM OPINION</u>

Pending before the Court[1] is *pro se* Plaintiff Daniel Lee Garrett's ("Plaintiff") Sealed Motion (ECF No. 18), Defendants Harris County Sheriff's Office, Harris County Jail, and Harris County's (collectively, "Defendants") Motion to Dismiss (ECF No. 19), Plaintiff's Motion to Seal Reply to Motion (ECF No. 21), and Plaintiff's Motion to Supplement Original Pleading (ECF No. 23). Based on a review of the motions, arguments, and relevant law, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 19) and **DENIES AS MOOT** all other pending motions (ECF Nos. 18, 21, 23). Plaintiff's Amended Complaint (ECF No. 10) is **DISMISSED WITH PREJUDICE**.

---

[1] The parties consented to proceed before a Magistrate Judge for all proceedings under 28 U.S.C. § 636(c). (ECF No. 24).

## I.    Background[2]

Plaintiff alleges he was arrested on September 15, 2020, while having a mental health crisis.  (ECF No. 10 at 4).  Plaintiff states he was taken to Harris County Jail where he informed medical staff that he was a veteran and needed to go to the hospital.  (*Id.*).  After being released from Harris County Jail, Plaintiff alleges he was found running naked along Interstate 10.  (*Id.*). Plaintiff states he was taken to Lyndon B. Johnson Hospital and released without treatment.  (*Id.*).

On June 13, 2024, Plaintiff filed his first complaint and supplemental complaint.  (ECF Nos. 2–3).  On July 18, 2024, Plaintiff filed an amended complaint pursuant to 42 U.S.C. § 1983, alleging Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment violations as well as medical negligence and malpractice claims.  (ECF No. 10 at 1).  On September 5, 2024, Defendants filed the instant Motion to Dismiss.  (ECF No. 19).

## II.    Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss, a court should

---

[2] "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Firefighters' Ret.*

3

*Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678).   "The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency.   *Id.*; *Atwater Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175-TJW, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011).   "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *see also* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").

4

## III. Discussion

Defendants argue all of Plaintiff's claims fail as a matter of law. (ECF No. 19 at 3).

### a. Harris County Jail and Harris County Sheriff's Office

As an initial matter, Defendants argue the Harris County Jail and the Harris County Sheriff's Office cannot be sued. (*Id.* at 4).

Under Rule 17(b), an entity must have the capacity to be sued. Thus, for a plaintiff to sue a city or county department, that department must enjoy a separate legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Whether an entity enjoys a separate legal existence and, therefore, has the capacity "to sue or be sued is determined . . . by the law of the state where the court is located." FED. R. CIV. P. 17(b).

It is well-settled that "the Harris County Sheriff's Office is merely an agency or division of Harris County" and does not enjoy a separate legal existence. *Gragert v. Harris Cnty.*, No. 4:09-cv-2063, 2010 WL 11538411, at *4 (S.D. Tex. Aug. 11, 2010); *see also Kennard v. City of Houston*, No. 22-cv-3365, 2023 WL 159782, at *2 (S.D. Tex. Jan. 11, 2023), *appeal dismissed*, No. 23-20046, 2023 WL 5125068 (5th Cir. Apr. 3, 2023). The same goes for the Harris County Jail. *Hatton v. Harris Cnty. Jail*, No. 18-cv-1948, 2019 WL 1858826, at *2 (S.D. Tex. Apr. 25, 2019) (citing *Patterson v. Harris Cnty. Jail*, No. 09-cv-

5

1516, 2009 WL 10705736, at *3 (S.D. Tex. May 29, 2009), *aff'd*, 358 F. App'x. 491 (5th Cir. 2009) ("As a division within the Harris County Sheriff's Department, the Harris County Jail does not qualify as an entity with capacity under the rules because it cannot sue or be sued.")). As such, Plaintiff's claims against the Harris County Sheriff's Office and the Harris County Jail are dismissed.

### b. Harris County

As to Harris County, Defendants argue (1) Plaintiff has no Fifth, Sixth, or Eighth Amendment violations as a matter of law; (2) Plaintiff cannot sue Harris County for medical negligence or malpractice under the Texas Tort Claims Act because the county has not waived its immunity; (3) there is no respondeat superior in civil rights cases; and (4) Plaintiff's claims fail under the two-year statute of limitations. (ECF No. 19 at 3–4).

#### i. *Fifth Amendment*

Plaintiff asserts a Fifth Amendment claim against Harris County. (ECF No. 10 at 1). However, "the due process clause of the Fifth Amendment applies only to actions of the federal government." *Velazquez v. City of Westwego*, 531 F. Supp. 3d 1142, 1154 (E.D. La. 2021) (citing *Arnold v. Williams*, 979 F.3d 262, 270 (5th Cir. 2020) (holding plaintiff failed to state a claim under the Fifth Amendment due process clause because the defendant "was an officer of the

6

state of Louisiana rather than of the federal government")).  Plaintiff has not

alleged that Harris County was acting under federal authority.  *See Francis v.*

*Cnty.*, No. 14-cv-2943, 2016 WL 6662275, at *3 n.15 (S.D. Tex. Nov. 10, 2016),

*aff'd sub nom. Francis v. Garcia*, 702 F. App'x. 218 (5th Cir. 2017).  As such,

Plaintiff's Fifth Amendment claim is dismissed.  *See Mark v. Hickman*, No. 17-

cv-2784, 2019 WL 5653631, at *5 (S.D. Tex. Oct. 29, 2019).

     *ii. Sixth Amendment*

   Plaintiff asserts a Sixth Amendment claim against Harris County.  (ECF

No. 10 at 1–3).

   The Sixth Amendment to the United States Constitution provides that

"[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . .

trial."  U. S. Const. amend. VI.  Courts deciding speedy trial claims consider

four factors: "(1) whether delay before trial was uncommonly long; (2) whether

the government or the criminal defendant is more to blame for the delay; (3)

whether, in due course, the defendant asserted his right to a speedy trial; and

(4) whether he suffered prejudice as a result of the delay."  *United States v.*

*Herrera*, 534 F. Supp. 3d 727, 736 (S.D. Tex. 2021).  Courts do not regard any

of the four factors as "either a necessary or sufficient condition to the finding

of a deprivation of the right of speedy trial. . . . [C]ourts must still engage in a

difficult and sensitive balancing process." *Barker v. Wingo*, 407 U.S. 514, 533 (1972).

Other than generally asserting a delay, Plaintiff does not allege facts related to the remaining factors to show that his right to a speedy trial has been abridged. (*See* ECF No. 10 at 2–3); *see also Ligons v. Texas*, No. 18-cv-3550, 2018 WL 4922417, at *2 (S.D. Tex. Oct. 10, 2018) (citing *United States v. Crosby*, 713 F.2d 1066, 1078–79 (5th Cir. 1983) (observing that a speedy trial violation under the Sixth Amendment requires proof of actual, substantial prejudice to the defense or evidence of intentional, tactical delay by the prosecution)). As such, Plaintiff's Sixth Amendment claim is dismissed. *See id.* (dismissing a complaint seeking relief under § 1983 where *pro se* plaintiff alleged he had been denied a speedy trial but failed to provide sufficient facts to support his claim).

### iii. *Eighth Amendment*

Plaintiff asserts an Eighth Amendment claim against Harris County. (ECF No. 10 at 1, 3–4). Defendants argue the Eighth Amendment does not apply to pretrial detainees. (ECF No. 19 at 5).

Here, Plaintiff was a pretrial detainee. *See Feliz v. El Paso Cnty.*, 441 F. Supp. 3d 488, 498 (W.D. Tex. 2020) (explaining "pre-trial detainees have not been convicted of a crime"). While "[t]he standard is the same as that for a

prisoner under the Eighth Amendment," § 1983 claims brought on behalf of pretrial detainees invoke the protections of the Fourteenth Amendment. *Cadena v. El Paso County*, 946 F.3d 717, 727 (5th Cir. 2020). Thus, to the extent Plaintiff brings a separate Eighth Amendment claim, Defendants' Motion to Dismiss is granted as to that claim. *See Feliz*, 441 F. Supp. 3d at 497.

### iv. Medical Negligence and Malpractice Claims

Plaintiff alleges Harris County "should be held liable for medical negligence/malpractice from the omissions or inactions of its medical staff by failing to properly identify, assess, and provide adequate mental health care attention." (ECF No. 10 at 1). He claims medical staff "failed to properly assess, identify and treat [Plaintiff] with any medical/mental health care" after he experienced a "psychotic-breakthrough" from an earlier arrest and was released without treatment. (*Id*. at 4).

Sovereign immunity shields a state from suit unless it expressly consents to being sued. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Governmental immunity affords similar protection to subdivisions of the state, such as counties. *See id*. Under Texas law, a governmental unit is immune from tort liability unless the legislature has waived immunity, or the governmental unit has consented to suit. *See Tex. Dep't of Parks & Wildlife v.*

9

*Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) (noting a state can consent to suit); *Dall. Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998) (discussing legislative waiver). "Harris County is a government unit." *Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009) (citing TEX. CIV. PRAC. & REM. CODE § 101.001(3)). The Texas Tort Claims Act (the "TTCA") "'creates a limited waiver of sovereign immunity.'" *Id.* (quoting *Johnson v. Waters*, 317 F. Supp. 2d 726, 738 (E.D. Tex. 2004)). Specifically, the TTCA provides a limited waiver of immunity for certain suits against governmental entities. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (citation omitted). "In order for immunity to be waived under the Act, the claim must arise under one of the three specific areas of liability for which immunity is waived, and the claim must not fall under one of the exceptions from waiver." *Morgan v. City of Alvin*, 175 S.W.3d 408, 417 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The three areas of liability in which immunity is waived under the Act are: "(1) injury caused by an employee's use of a motor-driven vehicle within the scope of his employment; (2) injury caused by a condition or use of tangible personal or real property; and (3) premise defects." *Id.* at 418 (citing Tex. Civ. Prac. & Rem. Code § 101.021–022). Plaintiff bears the burden of pleading facts "that affirmatively demonstrate jurisdiction by alleging a valid waiver of immunity." *Aguocha-*

*Ohakweh v. Harris Cnty. Hosp. Dist.*, 731 F. App'x. 312, 316 (5th Cir. 2018) (citing *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003)).

In this case, Plaintiff pleads no facts alleging a valid waiver of immunity. *Id.* Plaintiff's claims of medical negligence/malpractice do not involve one of the three areas of liability in which immunity is waived. *See Riggs v. City of Pearland*, 177 F.R.D. 395, 406 (S.D. Tex. 1997) (finding factual allegations related to failure to render proper medical care are not waived by the TTCA) (citing *Texas Dep't of Corrections v. Herring*, 513 S.W. 2d 6, 9 (Tex. 1974) (finding denial of adequate medical care and treatment does not allege a "use of tangible property" under the TTCA)).

Further, the TTCA explicitly states it does not extend its limited waiver of immunity to claims "arising out of assault, battery, false imprisonment, or any other intentional tort." TEX. CIV. PRAC. & REM. CODE § 101.057. Here, Texas has not waived its official immunity to actions alleging an intentional tort against a governmental unit, TEX. CIV. P. & REM. CODE § 101.057, and it has not consented to any such action. As Plaintiff's "medical negligence/malpractice" claims relate to intentional conduct, they are barred under the TTCA. *See Saenz v. City of El Paso*, 637 F. App'x. 828, 831 (5th Cir. 2016) ("A plaintiff may not maintain a negligence claim under the TTCA where the claim is based on 'the same conduct' as the intentional tort claim.") (citing

11

*Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001)); *Rodgers v. City of Lancaster Police*, No. 3:13-cv-2031, 2017 WL 457084, at *15 (N.D. Tex. Jan. 6, 2017), *report and recommendation adopted*, No. 3:13-cv-2031, 2017 WL 447216 (N.D. Tex. Feb. 2, 2017), *aff'd sub nom. Rodgers v. Lancaster Police & Fire Dep't*, 713 F. App'x. 323 (5th Cir. 2018) ("As for her negligence, gross negligence, and medical malpractice claims, a plaintiff cannot circumvent the intentional tort exception by couching her claims in terms of negligence.") (internal quotations omitted); *see also Goodman*, 571 F.3d 388 at 394 (5th Cir. 2009) (explaining the TTCA excludes "allegations against a governmental unit arising out of the same conduct that formed the basis of the intentional tort claims against its employee"); *Swiat v. City of Fort Worth, Tex.*, No. 4:10-cv-354, 2011 WL 2559637, at *5 (N.D. Tex. June 28, 2011) ("If a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA.").

Although Plaintiff generally alleges "medical negligence/malpractice," he fails to plead any facts alleging a valid waiver of immunity. Moreover, as his allegations against Harris County amount to an intentional tort, they are barred. (*See* ECF No. 10 at 1–2, 4–5); *see also Rodgers*, 2017 WL 457084, at *16 (finding general claims of negligence that relate to intentional conduct was

enough to find the claims should be dismissed); *Birabil v. Martinez*, No. 3:15-cv-2255, 2016 WL 4402259, at \*7 (N.D. Tex. July 11, 2016), *report and recommendation* adopted, No. 3:15-CV-2255, 2016 WL 4411412 (N.D. Tex. Aug. 18, 2016) (same).  As such, dismissal is warranted on Plaintiff's "medical negligence/malpractice" claims.  *See Alcala v. Tex. Webb Cnty.*, 620 F. Supp. 2d 795, 802 (S.D. Tex. 2009).

### v. *Respondeat Superior*

In his Amended Complaint, Plaintiff mentions "Respondeat Superior" when identifying Harris County.  (ECF No. 10 at 1).  Defendants argue municipalities may not be held liable under a theory of respondeat superior or vicarious liability in § 1983 cases.  (ECF No. 19 at 17).  The Court agrees. *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) ("A municipality is not liable under § 1983 on the theory of respondeat superior, . . . but instead only for acts that are directly attributable to it 'through some official action or imprimatur.'" (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) and *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

### vi. *Fourth and Fourteenth Amendment*

Finally, Plaintiff asserts Fourth and Fourteenth Amendment claims against Harris County.  (ECF No. 10 at 1).  He claims Harris County, Texas, "should be held liable for medical negligence/malpractice from the omissions or

inactions of its medical staff by failing to properly identify, assess, and provide adequate mental health care attention." (*Id*.). However, Defendants argue Plaintiff's claims are barred by the statute of limitations. (ECF No. 19 at 9).

> Section 1983 of Title 42 of the United States Code provides as follows:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress [...]

Section 1983 does not create substantive rights. Instead, it creates a private right of action to redress violations of federal law, such as the Fourth Amendment or Fourteenth Amendment, perpetrated by those acting under color of state law. *See Colson v. Grohman*, 174 F.3d 498, 504 n. 2 (5th Cir. 1999).

A claim for relief under § 1983 for denial of medical treatment must allege deliberate indifference to a plaintiff's serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). "Unsuccessful medical treatment does not give rise to a § 1983 cause of action." *Id*. (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "Nor does '[m]ere negligence, neglect or medical malpractice.'" *Id*. (quoting *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)). Even assuming Plaintiff's allegations are true, they

do not amount to deliberate indifference to his needs, such as would give rise to a § 1983 claim for denial of medical treatment. *Id.*; *see Baughman v. Hickman*, 935 F.3d 302, 307 (5th Cir. 2019) (noting that to establish a due process claim regarding episodic acts or omissions, a plaintiff must "establish that the official[s] acted with subjective deliberate indifference."). Thus, Plaintiff's § 1983 claims for "medical negligence/malpractice" warrant dismissal.

Moreover, "[s]ection 1983 does not prescribe a statute of limitations." *Heilman v. City of Beaumont*, 638 F. App'x. 363, 366 (5th Cir. 2016). Instead, "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski*, 237 F.3d at 576. Texas has a two-year statute of limitations for personal injury claims. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *see Piotrowski*, 237 F.3d at 576. Under federal law, the limitations period begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (citations omitted). The plaintiff must know of the injury and the causal connection between the defendant and the injury. *Piotrowski*, 237 F.3d at 576.

Here, the actions that form the basis of Plaintiff's complaint took place in approximately 2020. (*See* ECF No. 10). Because the statute of limitations

15

for § 1983 claims begin to accrue when the party "knows or has reason to know of the injury which is the basis of the action," Plaintiff had until approximately 2022 to file his complaint. *Blackmon v. Tex. Dep't of Crim. Just. Allan B. Polunsky Unit*, No. 9:22-cv-182, 2023 WL 5833411, at *9 (E.D. Tex. July 7, 2023), *report and recommendation adopted sub nom. Blackmon v. Tex. Dep't of Crim. Just. Allan B. Polonsky Unit*, No. 9:22-cv-182, 2023 WL 5430326 (E.D. Tex. Aug. 22, 2023) (internal quotations omitted). However, Plaintiff did not file his first complaint until June 2024. (*See* ECF Nos. 1–2). As such, Plaintiff's Fourth and Fourteenth Amendment claims are barred by the statute of limitations.

c. <u>Leave to Amend</u>

Rule 15(a) requires a trial court to grant a party leave to amend a complaint freely, and the language of the rule "evinces a bias in favor of granting leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted). By no means is leave to amend automatic, but the court must have a "substantial reason" to deny a party's request to do so. *Id.* In deciding whether to grant or deny a motion to amend, the court may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the

16

opposing party . . . , and futility of the amendment." *Id.* (quoting *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)).  Further, denial of a motion for leave to file an amended complaint is within the Court's discretion when the amendment would be futile.  *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003).  The "futility standard" is "the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

Here, while Plaintiff does not request leave to amend, the Court notes, based on the foregoing, including the statute of limitations, any potential claims arising out of these facts against Harris County, are barred.  Thus, allowing leave to amend would be futile.

## IV.    Conclusion

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 19) and **DENIES AS MOOT** all other pending motions (ECF Nos. 18, 21, 23).  Plaintiff's Amended Complaint (ECF No. 10) is **DISMISSED WITH PREJUDICE**.

**SIGNED** in Houston, Texas on February 11, 2025.

Richard W. Bennett
United States Magistrate Judge